CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 6 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE UNITED STATES OF AMERICA
ROANOKE DIVISION

COMMONWEALTH LAMINATING & )
COATING, INC., )
)
    Plaintiff, )  Civil Action No. 7:04CV00350
)
v. )
)  **MEMORANDUM OPINION**
FILM TECHNOLOGIES INTERNATIONAL, )
INC., )
)  By: Hon Glen E. Conrad
and )  United States District Judge
)
WELMARK INTERNATIONAL PTE, LTD., )
)
and )
)
H. S. POON, )
)
    Defendants. )

    On April 1, 2005, this court granted plaintiff's motion for default judgment in regard to plaintiff's claims for misappropriation of trade secrets against defendant Welmark International PTE, Ltd. ("Welmark") and fraud against H. S. Poon ("Poon"). This case is again before the court for reconsideration of plaintiff's motion for default judgment on its claim for breach of contract against Welmark. For the reasons that follow, plaintiff's motion for default judgment will be granted with regard to the breach of contract claim.

    As noted in this court's prior opinion in regard to plaintiff's motion for default judgment, Welmark has failed to respond to the plaintiff's complaint. Therefore, the plaintiff has moved for default judgment against this defendant, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, on its claim for breach of contract. As a general rule, default judgments are

disfavored. Tazco, Inc. v. Director, Office of Workers Compensation Program, United States Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). Nevertheless, the court has discretion to enter default judgment in appropriate circumstances. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Upon careful reconsideration of the record in this case and the arguments of plaintiff's counsel, the court concludes that the plaintiff is entitled to default judgment with respect to its claim for breach of contract against defendant Welmark. During an April 1999 visit to the plaintiff's Martinsville plant on behalf of Welmark, H. S. Poon, the manager of Welmark, entered into a distribution agreement with the plaintiff, which gave Welmark the exclusive right to distribute the plaintiff's products in Asia. The plaintiff alleges that the terms of the agreement obligated Welmark to protect the SunTek™ trademark owned by the plaintiff, to maintain the confidentiality of the information supplied by the plaintiff, and to use the SunTek™ artwork and logo information only in connection with the sale and marketing of the plaintiff's products. The plaintiff also alleges that Welmark breached these obligations when it sold other products under the SunTek™ trademark and failed to maintain the confidentiality of the plaintiff's information. The plaintiff further alleges that Welmark breached its obligations by failing to cancel its trademark applications for the name "SunTek" in Singapore and China, by receiving and accepting the registration of the mark in those countries, and by licensing the use of the mark to others in China. The plaintiff contends that it has been damaged as a result of these breaches of Welmark's contractual obligations.[1]

---

[1] The elements of an action for breach of contract are: (1) a legally enforceable obligation; (2) the breach of that obligation; and (3) damage caused by the breach. Filak v. George, 267 Va. 612, 619, 594 S.E.2d 610, 614 (1994).

2

Having concluded that the plaintiff is entitled to default judgment with respect to its claim for fraud against Poon and its claims for misappropriation of trade secrets and breach of contract against Welmark, the court conducted evidentiary hearings on the issue of damages on March 2, 2005 and May 3, 2005. Based on the evidence adduced at those hearings and a review of the record and exhibits submitted, the court finds that the plaintiff is entitled to damages in the amount of $703,545.00. This judgment will accrue interest at the legal rate.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 6th day of May, 2005.

*/s/ Glen E. Conrad*
United States District Judge

3

Case 7:04-cv-00350-GEC   Document 47   Filed 05/06/05   Page 3 of 3   Pageid#: 509